*572 BEAM, Circuit Judge,
concurring.
I concur in the opinion of the court, but write separately to express my concern over the Nebraska licensing procedures at issue in this very close case. As the Second Circuit noted in DiBlasio v. Novello, 344 F.3d 292 (2d Cir.2003), and as discussed in footnote 2, ante at 569, a state medical official may be denied absolute immunity if his or her role is too dissimilar* to that of an official in a judicial proceeding. In my view, the structure of the Nebraska medical license revocation procedure comes dangerously close to the New York procedure struck down in DiBlasio.
I stress this because of the limited amount of review available to litigants in the Nebraska system. The appeal to the state district court, taken under the Administrative Procedures Act and much relied upon by the State as a procedural safeguard, is an extremely limited re-examination based on the agency record. See Neb.Rev.Stat. § 84-917. I think Nebraska should carefully consider how it carries out its medical licensing revocation procedure, without undue reliance on the narrow review available in state district court, to ensure that the actions of Nebraska’s CMO are well within the protections of absolute immunity and that all litigants are afforded ample due process. In this regard, it would appear to me to be more constitutionally sound for the hearing officer, who sees and hears the witnesses, views their demeanor, and is better able to judge their credibility, to make the necessary findings of fact, subject to a record review by the CMO.
For the reasons stated in the court’s opinion, I concur.